UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DONALD E. JACOBSON,

       Plaintiff,                              Civil No. 09-13-HA

       v.                                      OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

HAGGERTY, District Judge:

      Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the Act). Plaintiff requests judicial review of a decision by the Commissioner of the Social Security Administration (SSA) denying his application for disability insurance benefits (DIB). He seeks an order reversing the Commissioner's decision and remanding this case for an award of benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g). After reviewing the record of this case and evaluating counsel's arguments, this court concludes that this action must be remanded for additional administrative proceedings that more thoroughly address plaintiff's medical evaluations, functional assessments and whether plaintiff can perform past relevant work or work existing in significant numbers in the national economy.

1  - OPINION AND ORDER

**ADMINISTRATIVE HISTORY**

Plaintiff filed his application for DIB on September 28, 2005. Tr. of Admin. R. (hereinafter, Tr.) 59. He alleged disability since January 1, 2000, based on shattered spinal disks, diabetes, and high blood pressure. Tr. 67. Plaintiff's application was denied at the initial level and again upon reconsideration. Tr. 27, 31.

On May 6, 2008, an ALJ conducted a hearing at which plaintiff was represented by an attorney. Tr. 341-403. Plaintiff and a vocational expert (VE) testified. On July 23, 2008, the ALJ issued a decision concluding that plaintiff was not disabled as defined in the Social Security Act. Tr. 13-24.

The Appeals Council denied plaintiff's request for review, rendering the ALJ's conclusions the Commissioner's final decision. That final decision is ripe for judicial review. 20 C.F.R. §§ 404.981, 422.210.

**FACTUAL BACKGROUND**

Plaintiff was forty-nine years old on the alleged onset date (considered a younger individual under the regulations), and fifty-eight years old (advanced age) as of the date of the hearing decision. Tr. 59. Plaintiff has a college degree, and performed past relevant work as a tax preparer, rural mail carrier, and telephone solicitor. Tr. 22, 349, 376-80. Relevant details about plaintiff's medical condition and other facts are addressed below as necessary.

**STANDARDS**

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable

physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for DIB.  20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).

The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling.  20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).  The burden of producing medical evidence that establishes all of the requisite medical findings rests with the claimant.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of the claimant's impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step of the sequential evaluation process to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework, the claimant bears the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. *See* 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097-98 (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted).

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since the alleged disability onset date. Tr. 18, Finding 2.

At step two, the ALJ found that plaintiff suffered severe impairments including degenerative disc disease of the lumbar and cervical spine, diabetes mellitus, and sleep apnea. Tr. 18, Finding 3.


At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled any of the impairments in the Listings of Impairments. Tr. 18, Finding 4.

The ALJ then determined plaintiff's RFC to include the capacity to lift and carry ten pounds occasionally and less than ten pounds frequently with push and pull limited to these weights. Plaintiff can stand and walk two hours in an eight-hour workday, and sit six hours in an eight-hour workday. Plaintiff is limited to occasional climbing of ladder, ropes, and scaffolds; stooping; crouching; and crawling. Tr. 19, Finding 5.

At step four, the ALJ found that plaintiff was able to perform past relevant work as a tax preparer and as a telephone solicitor, concluding that those jobs do not require the performance of work-related activities that would be precluded by plaintiff's RFC. Tr. 22, Finding 6. Plaintiff failed to meet his burden of showing that he could not perform his past relevant work, and so the ALJ was compelled to conclude that plaintiff was not eligible for DIB. Tr. 23, Finding 7.

**QUESTION PRESENTED**

Plaintiff contends that this court should reverse the Commissioner's final decision and remand this action for an award of benefits. Primarily, plaintiff alleges that the ALJ improperly: (1) rejected medical opinions from plaintiff's treating physician Dr. Steven Ames; (2) discounted the witness statement from plaintiff's wife; (3) rejected plaintiff's testimony; (4) calculated plaintiff's RFC; (5) evaluated plaintiff's ability to return to past relevant work; and (6) presented a flawed hypothetical question to the VE testifying at the hearing.

Errors regarding the evaluation of Dr. Ames's opinion and the lay testimony compel a remand for further proceedings. The court is confident that the additional issues raised by plaintiff as objections will be addressed fairly after remand.

## DISCUSSION

### 1.      Medical opinions

Plaintiff first contends that the ALJ did not provide sufficient reasons for rejecting the testimony of his treating physician, Dr. Steven Ames. The ALJ explicitly discounted Dr. Ames's opinions, giving those opinions no weight because, according to the ALJ:

- Dr. Ames's treatment history with plaintiff was misrepresented;

- other medical providers disputed who should prepare disability evaluations regarding plaintiff;

- Dr. Ames's assessments were unsupported by test results, objective findings or other supporting information;

- another doctor cleared plaintiff to return to normal activities in 2006;

- plaintiff's activities – including travel and camping – contradicted the limitations assessed by Dr. Ames, and

- Dr. Ames opined about the scope of plaintiff's vocational capacities, and expressed views that were beyond the physician's expertise.

Dft. Mem. at 7-10 (citing Tr. 21).

The Commissioner now acknowledges that the ALJ erred in misinterpreting the scope of Dr. Ames's history with plaintiff. Dft. Mem. at 8. Additionally, the disputes involving other care providers and their reluctance to provide disability analyses on behalf of plaintiff – while

7   - OPINION AND ORDER

relevant in significant ways to evaluating the merits of plaintiff's application – fail to provide a legitimate basis for discounting Dr. Ames's assessments. Although the ALJ's other grounds for discounting Dr. Ames's views are less objectionable, and are discussed where relevant below, Dr. Ames's opinions were discounted largely due to erroneously interpreting the doctor's history with plaintiff, and then imposing a connection between the reluctance of other care providers to complete paperwork and the validity of Dr. Ames's assessments. Tr. 21. These grounds are insufficient to discount those assessments.

An ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted opinion from a treating or examining physician by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995) (ALJ must provide clear and convincing reasons for rejecting uncontroverted expert opinions, and must provide specific, legitimate reasons for rejecting controverted expert opinions); *see also Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (clear and convincing reasons must be provided to support rejection of a treating physician's ultimate conclusions).

Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than a reviewing physician's conclusions. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); *Lester*, 81 F.3d at 830; *see also Carmickle v. Comm'r.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (opinions from doctors with the most significant clinical relationship with the claimant are generally entitled to more weight than opinions from doctors with lesser relationships).

An ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the doctor's subjective judgments. *Lester*, 81 F.3d at 832-33 (citing *Embrey*, 849 F.2d at 422). Although a treating physician's opinion "is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)). An ALJ need not accept a treating physician's opinion that is conclusory or brief. *Tonapetyan*, 242 F.3d at 1149 (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). Similarly, an ALJ may discredit the opinions of a treating physician that are unsupported by objective medical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ need not accept the opinion of a treating physician "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole"); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion largely based on a claimant's discredited subjective complaints or presenting inconsistencies between the opinion and the medical record or a claimant's daily activities).

Accordingly, the ALJ's reasons for discounting Dr. Ames's opinions must be at least specific and legitimate. *Bayliss*, 427 F.3d at 1216. In light of the insufficient grounds primarily advanced for discounting Dr. Ames' assessments, further proceedings are necessary. These proceedings shall determine whether those assessments are adequately supported by objective medical findings, or are overly influenced by plaintiff's subjective complaints that are discredited by a fair evaluation of the record.

9   - OPINION AND ORDER

As noted above, plaintiff should remain mindful that he bears the burden of producing medical evidence that establishes eligibility for DIB. *Burch*, 400 F.3d at 683. Although plaintiff's counsel refers to an ALJ's duty to further develop the record in his briefing before this court, that duty is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted). Upon remand, the ALJ shall determine whether the record in this case is adequate for properly evaluating Dr. Ames's assessments, after disregarding the proffered rationalizations concerning the duration of Dr. Ames's treatment of plaintiff, and the fact that other care providers were reluctant to assess plaintiff's DIB eligibility.

**2.     Lay testimony**

Plaintiff also argues that the ALJ erred by failing to properly consider a functional report questionnaire completed by plaintiff's wife in December 2005. Tr. 103-10. The Commissioner acknowledges that the ALJ failed to address this report except in "the discussion of the medical opinions." Dft. Mem. at 12.

In determining whether a claimant is disabled, an ALJ is required to consider lay witness testimony concerning a claimant's ability to work. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (citing *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). Such testimony is competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ electing to disregard the testimony of a lay witness must do so by providing reasons "that are germane to each witness." *Id*. The reasons that are "germane to each witness" must also be specific. *Stout*, 454 F.3d at 1054 (the ALJ, not the district court or the counsel for the Commissioner, must provide specific reasons for rejecting lay testimony).

There is no dispute here that the ALJ failed to provide specific reasons for discounting the functional report questionnaire that were germane to its author, plaintiff's wife. The commissioner tacitly concedes this by acknowledging that the ALJ merely "noted this lay statement" when addressing Dr. Ames's opinions. Dft. Mem. at 12.

Upon remand, the ALJ shall address the functional report questionnaire and, if rejecting that competent testimony, the ALJ must provide specific reasons for discounting the functional report questionnaire that were germane to its author.

### 3.     Plaintiff's subjective complaints

The final challenge from plaintiff to be analyzed in this ruling is that the ALJ did not properly consider plaintiff's testimony regarding his stated limitations. This court has reviewed the ALJ's evaluation of plaintiff's subjective complaints. Tr. 22. The ALJ cited indications in the record that plaintiff's functional abilities improved after back surgery, noting specifically plaintiff's travel to Alaska and plaintiff's week-long camping experience. *Id*. The ALJ also considered plaintiff's engagement in seasonal tax work, which he has performed since his alleged disability onset date. Tr. 22; 50-51. The ALJ also cited plaintiff's non-compliance with caregivers' recommendations regarding diet and exercise. Tr. 22, 229, 235, 298, 331.

Plaintiff complains that "the ALJ failed to acknowledge that none of plaintiff's doctors have accused him of malingering or exaggerating." Pl. Reply at 5. Regardless of this purported failure to acknowledge what caregivers have not said, the reasons the ALJ provided in evaluating plaintiff's subjective complaints were generally adequate. Because this matter must be remanded for further proceedings, however, the court notes that the ALJ shall evaluate plaintiff's credibility in accordance with applicable law, identifying any significant discrepancies regarding evidence,

testimony, and conclusions pertaining to plaintiff's limitations. If plaintiff presents evidence regarding plaintiff's obesity, the ALJ shall address any interactive effects such obesity has upon plaintiff's impairments.

Plaintiff's other arguments have been considered and have been found to fall short of warranting detailed analysis. Because of the ALJ's errors regarding the evaluation of Dr. Ames's opinions and the lay testimony, remand of this action is necessary. Upon this remand, the parties shall cooperate in developing the record as necessary to determine whether plaintiff is entitled to DIB. This requires a careful re-determination of plaintiff's RFC that includes consideration of all evidence fairly presented by plaintiff regarding his impairments and limitations. The ALJ shall also conduct a full functional analysis of plaintiff's past relevant work to the extent required by law.

## **REMAND**

The decision whether to remand for further proceedings or for the immediate payment of benefits is within the discretion of the court. *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). "[A] remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Holohan*, 246 F.3d at 1210.

In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. This case is remanded for additional administrative proceedings that address the proper weight to attribute to Dr. Ames's opinions, plaintiff's medical evaluations, plaintiff's functional assessments, the lay testimony presented, and whether plaintiff can perform past relevant work or work existing in significant numbers in

the national economy. The parties may revisit the issue of determining plaintiff's RFC, and may present evidence and elicit expert testimony as necessary to ascertain whether plaintiff is eligible for DIB.

## **CONCLUSION**

This court concludes that the decision of the Commissioner regarding Donald E. Jacobson must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this   29   day of March, 2010.

                                                /s/ ANCER L. HAGGERTY  
                                                    ANCER L. HAGGERTY  
                                                 United States District Judge